# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEE WHITE, | CASE NO. 1:12-cv-00857 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| J. HARTLEY, et al., | (ECF No. 1) |
| Defendants. | |
| _____/ | |

## Screening Order

I.    **Screening Requirement**

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.  Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Avenal State Prison, brings this civil rights action against the following individual defendants employed by the Department of Corrections and Rehabilitation at Avenal: Warden James Hartley; Correctional Officer (C/O) Pollares; C/O Montero; C/O Flores; C/O Mobley; C/O Maldonado; Sergeant Schnaker; Dr. Bopari, M.D.; Dr. Siegrist, M.D.; Dr. Nareddy, M.D.; Dr. Atienza, M.D.  Plaintiff claims that he was subjected to inadequate medical care such that it violated the Eighth Amendment's prohibition on cruel and unusual punishment.

Plaintiff alleges that since December of 2009, he has suffered from a "fragmented nose." Plaintiff alleges that he "suffers daily" from a "bothersome and painful" nose problem.  Plaintiff's complaint includes several pages of allegations regarding his medical condition and the lack of adequate medical care, but Plaintiff fails to link any of the individual defendants with specific conduct indicating that they caused Plaintiff any injury.

### Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

2

1     demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

2     the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

3     deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

4     (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

5     Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a

6     purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused

7     by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay

8     in receiving medical treatment, the delay must have led to further harm in order for the prisoner to

9     make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely

10    v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

11        Here, the Court finds Plaintiff's allegations to be vague. Plaintiff sets forth generalized

12    allegations regarding his health care, and names 11 individual defendants. To state a claim under

13    section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the

14    defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los

15    Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right,

16    where that person 'does an affirmative act, participates in another's affirmative acts, or omits to

17    perform an act which [that person] is legally required to do that causes the deprivation of which

18    complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v.

19    Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established

20    not only by some kind of direct, personal participation in the deprivation, but also by setting in

21    motion a series of acts by others which the actor knows or reasonably should know would cause

22    others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

23        Plaintiff need not, however, set forth legal arguments in support of his claims. In order to

24    hold an individual defendant liable, Plaintiff must name the individual defendant, describe where

25    that defendant is employed and in what capacity, and explain how that defendant acted under color

26    of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must

27    describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

28    Plaintiff has failed to do so here.

1    Further, Plaintiff has named as a defendant the Warden at Avenal State Prison.  Under section

2    1983, Plaintiff must prove that the Defendants holding supervisory positions personally participated

3    in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no

4    respondeat superior liability, and each defendant is only liable for his or her own misconduct.

5    Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009).  A supervisor may be held liable for the constitutional

6    violations of his or her subordinates only if he or she "participated in or directed the violations, or

7    knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th

8    Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567

9    F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d

10   1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  Plaintiff has

11   failed to allege any facts indicating personal involvement by Defendant Hartley.  He should therefore

12   be dismissed.

13   **III.    Conclusion and Order**

14    The Court has screened Plaintiff's complaint and finds that it does not state any claims upon

15   which relief may be granted under section 1983.   The Court will provide Plaintiff with the

16   opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

17   Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not

18   change the nature of this suit by adding new, unrelated claims in his amended complaint.  George,

19   507 F.3d at 607 (no "buckshot" complaints).

20    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

21   named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

22   Hydrick, 500 F.3d at 987-88.   Although accepted as true, the "[f]actual allegations must be

23   [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.

24   Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

25    Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

26   Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

27   (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

28   pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.   The Clerk's Office shall send to Plaintiff a complaint form;

3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.   Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.   If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:    December 5, 2012**              **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE